## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

ROBERT W. WOOLEN, JR., # 383779,

        Petitioner,

v.

                                        ACTION NO.  2:08cv499

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends dismissing the petition for writ of habeas corpus without prejudice.

### I. STATEMENT OF THE CASE

#### A. Background

Following pleas of guilty to possession of a firearm by a convicted felon, possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and possession of a firearm while possessing with intent to distribute a schedule II controlled substance, petitioner Robert W. Woolen ("Woolen") was sentenced in the Circuit Court of Fairfax County on March 4,

2008, to serve twenty-two years in the Virginia penal system with ten years suspended. Woolen did not appeal his convictions or sentence on direct appeal, and did not file a petition for writ of habeas corpus in state court.

Presently in the custody of the Virginia Department of Corrections at the Pocohontas Correctional Center in Pocohontas, Virginia, Woolen filed his federal habeas petition on October 20, 2008. The respondent filed a Rule 5 Answer and Motion to Dismiss on January 29, 2009.

## B. Grounds Alleged

Woolen asserts the following entitle him to relief under 28 U.S.C. § 2254:

(1) ineffective assistance of counsel due to initial trial counsel, Peter Greenspun, Esq., failing to file a motion for discovery;

(2) ineffective assistance of counsel due to subsequent trial counsel, Peter Greenspun, Esq., failing to:

(a) request a continuance when the judge scheduled to hear the petitioner's suppression motion was replaced by another judge;

(b) obtain an evidentiary hearing to determine the weight of drugs involved;

(c) place the arresting officer on the stand during sentencing to ascertain the weight of the drugs;

(d) file an appeal ; and

(3) Woolen's plea of guilty was not voluntarily and knowingly made.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of a habeas petition, all of the petitioner's claims

2

must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

The face of the petition indicates that no appeal was taken from the original conviction to the Supreme Court of Virginia and that the Supreme Court of Virginia has not addressed any habeas corpus petition in this matter. Petitioner has failed to indicate just cause for the Court's further consideration of the petition. Therefore, the Court recommends that the Petition be DISMISSED without prejudice, so that Woolen may exhaust his state remedies.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that Woolen's petition for writ of habeas corpus be DISMISSED without prejudice to exhaust state remedies.

Furthermore, Woolen has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. §

636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
June 15, 2009

4

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Robert W. Woolen, Jr., #383779
Pocohontas Correctional Center
P.O. Box 518
Pocohontas, VA 24635

Benjamin Hyman Katz, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
                     Deputy Clerk

June _15_, 2009

5